UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AIOI NISSAY DOWA INSURANCE COMPANY, LTD,<br><br>               Petitioner,<br><br>vs.<br><br>PROSIGHT SPECIALTY MANAGEMENT COMPANY, INC. f/k/a MUTUAL MARINE OFFICE, INC. and NEW YORK MARINE AND GENERAL INSURANCE COMPANY,<br><br>               Respondents. | Civil Action No. 12-CV-3274 (JPO)<br><br>**RESPONSE TO PETITION** |

       Respondents ProSight Specialty Management Company, Inc. f/k/a Mutual Marine Office, Inc., and New York Marine and General Insurance Company (together, "ProSight"), by their undersigned counsel, for their Response to the Petition filed by AIOI Nissay Dowa Insurance Company, Ltd. ("Aioi"), state as follows:

       1.      Respondents lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

       2.      Respondents admit the allegations contained in Paragraph 2.

       3.      Respondents admit the allegations contained in Paragraph 3.

       4.      Respondents admit the allegations contained in Paragraph 4.

       5.      Respondents admit the allegations contained in Paragraph 5.

       6.      Respondents admit the allegations contained in Paragraph 6.

       7.      Respondents admit that on December 16, 1999, Aioi's predecessor, Chiyoda, executed two reinsurance contracts under which Chiyoda reinsured ProSight for losses occurring on risks attaching during the period of January 1, 2000 through March 31, 2001, and respectfully refer the Court to those contracts for their terms.

8. Respondents admit that on February 13, 2001, Aioi's predecessor, Chiyoda, executed two aviation reinsurance contracts by which Chiyoda reinsured ProSight for losses occurring on risks attaching during the period of April 1, 2001 through March 31, 2002, and respectfully refer the Court to those contracts for their terms.

9. Respondents lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Respondents admit the allegations contained in Paragraph 10.

11. Respondents admit the allegations contained in Paragraph 11.

12. Respondents admit the allegations contained in Paragraph 12.

13. Respondents admit the allegations contained in Paragraph 13.

14. Respondents admit the allegations contained in Paragraph 14.

15. Respondents admit the allegations contained in Paragraph 15.

16. Respondents admit the allegations contained in Paragraph 16. Respondents further aver that, pursuant to Paragraph 3 of the Confidentiality Agreement, when a party seeks to confirm an arbitration award, "subject to court approval . . . all submissions of Arbitration Information to a court shall be sealed." Paragraph 3 also states that "in all contexts, all parties will make good-faith efforts to limit the extent of disclosures, if any, to be made, and will cooperate with each other in resisting or limiting disclosure of Arbitration Information."

17. Respondents admit that Aioi has not submitted a copy of the Final Award with its Petition. Respondents further aver that pursuant to the Confidentiality Agreements, Aioi is under a continuing obligation to "make good faith efforts to limit the extent of disclosure, if any, to be made" and to "cooperate" with ProSight in "resisting or limiting disclosure of Arbitration Information."

18. Respondents admit the allegations contained in Paragraph 18.

19. Respondents admit that the language referenced by Aioi in Paragraph 19 is contained in 9 U.S.C. § 207.

20. Paragraph 20 sets forth a legal conclusion to which no response is required.

21. Paragraph 21 sets forth a legal conclusion to which no response is required.

22. Respondents admit that the language cited by Aioi in Paragraph 22 is contained in 9 U.S.C. § 9.

23. Respondents deny the allegations contained in Paragraph 23, but admit that the Contracts provide that the arbitration award shall be "final" and that the parties entered into a Confidentiality Agreement which provides that any motion to confirm the arbitration award must be made under seal. Respondents further aver that Aioi is under a continuing obligation to "make good faith efforts to limit the extent of disclosure, if any, to be made" and to "cooperate" with ProSight in "resisting or limiting disclosure of Arbitration Information."

24. Respondents admit the allegations contained in Paragraph 24.

25. Paragraph 25 sets forth a legal conclusion to which no response is required.

26. Paragraph 26 sets forth a legal conclusion to which no response is required.

WHEREFORE, Respondents (a) do not oppose Aioi's request for a judgment confirming the arbitration demand; but (b) request an Order from this Court, pursuant to the Confidentiality Agreement between the parties, sealing the record on this action, including the Final Award, and (c) denying Aioi's request for a Judgment for its "costs of suit."

Dated:     New York, New York
           May 14, 2012

                                        STROOCK & STROOCK & LAVAN LLP

                                        By: _____/s/ Michele L. Jacobson_____

                                        Michele L. Jacobson
                                        Andrew S. Lewner
                                        180 Maiden Lane
                                        New York, New York  10038-4982
                                        Phone:  (212) 806-5400
                                        Fax:  (212) 806-6006

-4-